UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| UNITED STATES OF AMERICA | Mag. No. 18-4508 |
| v. | Hon. Lois H. Goodman |
| MATTHEW WOLNY | **CRIMINAL COMPLAINT** |

I, Patrick Glynn, being duly sworn, state that the following is true and correct to the best of my knowledge and belief:

SEE ATTACHMENT A

I further state that I am a Special Agent with the Department of Homeland Security, and that this Complaint is based on the following facts:

SEE ATTACHMENT B

continued on the attached page and made a part hereof.

Patrick Glynn, Special Agent
Department of Homeland Security
Homeland Security Investigations

Sworn to before me and subscribed in my presence,
on June 6, 2018, in the District of New Jersey

HONORABLE LOIS H. GOODMAN
UNITED STATES MAGISTRATE JUDGE

## ATTACHMENT A

### Count One

On or about September 5, 2013, in Ocean County, in the District of New Jersey, and elsewhere, defendant

### MATTHEW WOLNY

did knowingly receive child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), that had been mailed, and using any means and facility of interstate and foreign commerce, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer.

In violation of Title 18, United States Code, Sections 2252A(a)(2)(A) and 2.

## Count Two

On or about September 24, 2013, in Ocean County, in the District of New Jersey, and elsewhere, defendant

## MATTHEW WOLNY

did knowingly receive child pornography, as defined in Title 18, United States Code, Section 2256(8)(A), that had been mailed, and using any means and facility of interstate and foreign commerce, shipped and transported in and affecting interstate and foreign commerce by any means, including by computer.

In violation of Title 18, United States Code, Sections 2252A(a)(2)(A) and 2.

## ATTACHMENT B

I, Patrick Glynn, am a Special Agent with the Department of Homeland Security, Homeland Security Investigations ("HSI"). I have knowledge of the following facts based upon both my investigation and discussions with other law enforcement personnel. Because this affidavit is being submitted for the sole purpose of establishing probable cause to support the issuance of a Complaint, I have not included each and every fact known to the government concerning this matter. Where statements of others are set forth herein, these statements are related in substance and in part.

1. On or about September 3, 2013, law enforcement conducting investigations into the sharing of child pornography files via the ARES peer-to-peer ("P2P") file sharing network identified the Internet Protocol address ("IP address") 68.192.126.171 as the potential source for approximately 13 files of suspected child pornography that had been made available to other ARES users on the network. The shared files had a hash value previously identified to contain visual depictions of children engaged in sexual acts.

2. Subsequent investigation revealed Optimum Online as the service provider associated with the IP address 68.192.126.171. Subpoena information then revealed that the Optimum Online subscriber associated with IP address 68.192.126.171 was MATTHEW WOLNY, 11 Maryland Drive, Jackson, New Jersey 08527 (the "Maryland Drive premises"), which also was WOLNY'S residence, according to New Jersey Motor Vehicle Commission records.

3. During all times relevant to the investigation, WOLNY was a resident of Jackson, New Jersey.

4. On or about September 25, 2013, the IP address 68.192.126.171 again made available to other ARES users files containing hash values associated with child pornography.

5. Based in part on the above information, the Ocean County, New Jersey Prosecutor's Office ("OCPO") obtained a search warrant for the Maryland Drive premises, which local law enforcement executed on or about September 26, 2013. Later the same day, the OCPO obtained and executed a search warrant on WOLNY's car.

6. WOLNY was present at the Maryland Drive premises when the OCPO and Jackson Township law enforcement arrived to execute the search warrant. When informed of the reason for law enforcement's presence, WOLNY attempted to flee. He was detained and transported to Jackson Township police headquarters. There, WOLNY received <u>Miranda</u> warnings, elected to

waive any <u>Miranda</u> rights he may have had, and gave a voluntary statement to law enforcement.

7. WOLNY stated that he was familiar with the ARES P2P file sharing application, that it was installed on his home computer, and that he used it to download child pornography from the internet. WOLNY also stated that he had saved files containing child pornography to the internally installed hard drive on his computer, as well as two external hard drives.

8. The search of WOLNY's residence and car resulted in the seizure of numerous electronic devices. Forensic analysis of these devices revealed that on approximately seven electronic storage devices, collectively, approximately 2,000 images and approximately 1,600 videos of suspected child pornography were present. Forensic analysis of one such device, the Seagate Barracuda 1 Terabyte Hard Disk Drive seized from inside WOLNY's desktop computer, revealed that the following two videos had been downloaded to the device using the ARES P2P file sharing program.

   a. The first video, entitled "11 yo naked boy ass fucked by his man(2)(2).flv", is approximately eight minutes and twenty seconds in duration. It was downloaded onto the hard drive of WOLNY's desktop computer using the ARES P2P software on or about September 5, 2013. It depicts an adult man anally raping a prepubescent boy. The video begins with a naked prepubescent boy and a naked adult male on a bed. The naked boy is positioned on his elbows and knees, exposing his buttocks towards the naked adult male. The naked adult male is in a kneeling position behind the boy. During the course of the video, the adult male is observed inserting his erect penis into the anus of the young boy. The adult male continues to anally penetrate the boy with his penis throughout the duration of the video, at times adjusting the position of himself and the boy in an apparent effort to provide a better angle for the video recording device. The video ends as the adult male is still engaged in anal intercourse with the young boy.

   b. The second video, entitled "[bibcam]in the right place.avi", is approximately eleven minutes and twenty-six seconds in duration. It was downloaded onto the hard drive of WOLNY's desktop computer using the ARES P2P software on or about September 24, 2013. This video depicts a naked prepubescent boy performing various acts of masturbation and self sodomization with foreign objects in front of a webcam. At different stages of the video, the boy appears to be speaking with an unidentified individual or individuals with whom he is

>    video chatting via the webcam. The video ends with the boy laying naked on the bed.

9. Based upon my education, training and experience, and my discussions with other law enforcement officers, and to the best of my knowledge, the images described in paragraphs 8.a. and 8.b. above traveled in interstate commerce and were produced using materials that were mailed and shipped and transported in and affecting interstate and foreign commerce by any means, including by computer.